[Civ. No. 3553.   Third Appellate District.—September 28, 1928.]

CLARA VIVIAN STAMM, Respondent, v. B. E. COLVIN, Appellant.

E. A. Lane and R. R. Sleeper for Appellant.

Joseph N. Owen for Respondent.

WEYAND, J., *pro tem.*—Plaintiff and respondent Clara Vivian Stamm originally brought this action in ejectment against the defendant and appellant B. E. Colvin. By cross-complaint said defendant and appellant sought to compel specific performance by plaintiff of a contract between defendant and one Colin N. Clinch. Colin N. Clinch was, on May 11, 1924, the owner of the premises in controversy, and both plaintiff and defendant derive their respective titles, if any they have, through said Clinch.

On May 11, 1924, Colin N. Clinch made and executed a written offer to exchange properties, which said offer was in words as follows:

"Los Angeles, California, May 11, 1924.
"Mr. J. K. Delozier,
   "515 Hill-street Bldg.,
      "Los Angeles, California.
"Dear Sir:

"I will deed lot 1, Tract 5155 to B. E. Colvin subject to encumbrance and liens of record, and agree to pay off same down to $8,000.00; also to pay interest on all encumbrance, until it is reduced to the $8,000. And let Colvin take immediate possession of said property. Providing B. E. Colvin, will deed to me or my assigns, Lot 5, of Ivareen Terrace Tract, *abd* extend note of $8,000, and return same when encumbrance on Lot 1 is reduced to the $8,000.

"The $8,000, on Lot 1, of Tract 5155, is not to become due within two and a half years and the interest rate not to exceed 7%.

"Yours very truly,
"C. L. CLINCH."

Colvin at the time of making said offer was in Willows. The said J. G. Delozier to whom said offer was addressed, was at said time a partner of said Colvin, and lived in Los Angeles. Prior to the making of said written offer Clinch and Colvin had discussed the making of such a trade, and Clinch took Colvin to see the property in controversy. Upon receipt by Delozier of the written offer, Delozier at the request of Clinch, forwarded the written offer to Colvin at Willows and thereupon Colvin returned to Los Angeles, accepted Clinch's offer, and about June 15, 1924, was by Clinch put into possession of the Clinch

property, and has lived upon the same with his family ever since.

On or about February 5, 1925, while Colvin and his family were living on the property, and in sole and exclusive occupation thereof, Clinch conveyed the said premises to the plaintiff herein, Clara Vivian Stamm, and said plaintiff first demanded rent from defendant Colvin, and thereafter possession of the premises. Defendant Colvin has always refused to pay rent, and has refused to deliver possession to the plaintiff. Colvin has frequently offered to perform under the contract, and by his pleadings offers to fulfill the conditions, agreement, and stipulations, as set forth in the written offer.

On May 11, 1924, the date of the written offer, Colvin owned and held a promissory note of Colin N. Clinch and Nan K. Clinch, his wife, dated September 6, 1923, in the sum of $8,000, with interest at the rate of seven per cent per annum, and payable 120 days after date. On May 11, 1924, said Colvin owned the said lot 5 of Ivareen Terrace Tract, described in the written offer. This lot was of the value of $5,000. The lot 1 of tract 5155, held by Clinch on May 11th, was of the value of not to exceed $13,000.

By cross-complaint of defendant the plaintiff, Clara Vivian Stamm, and her husband, H. E. Stamm, and Colin N. Clinch and his wife, Nan K. Clinch, were named as cross-defendants, and the record discloses that the default of all of said cross-defendants was regularly entered, save and except as to the cross-defendant Clara Vivian Stamm, which said cross-defendant alone answered.

The court made two separate findings which form the basis for the entry of the judgment herein in favor of the original plaintiff, Clara Vivian Stamm. These two findings are as follows:

"V. . The court further finds with reference to said alleged contract upon which the defendant and cross-complainant relies, that it is too ambiguous and uncertain, and is lacking in such details as to the manner, time and methods of performance as are essential and necessary to enable the court to specifically perform the same.

"VI. The court further finds that said contract as to said Colin N. Clinch and his successor in interest, the plaintiff, is not just and reasonable, and that there is not suffi-

cient or adequate consideration on the part of said defendant and cross-complainant, B. E. Colvin, to entitle him to have said contract performed as against said Colin N. Clinch and the plaintiff.''

We will treat of these findings in their reverse order. Finding No. VI is not supported by the evidence, but is directly contrary thereto. Defendant by his affirmative defense alleged that the agreement with Clinch was fair and equitable, and alleged that the lot 1 of tract 5155 was of a value not greater than $13,000, and that the Ivareen Terrace lot was worth $5,000. By special admission of the attorneys it was agreed and stipulated at the trial ''that the affirmative facts as alleged by the defendant are true, and that they may be considered as proven.'' The record fails to disclose any testimony to the contrary. Quite beside all this, it should hardly be for the present plaintiff to dispute the justness of the trade, when the real party to said trade had defaulted as to averments of the fairness thereof. So we cannot assent to said finding of the trial court.

As to finding V, the record discloses that Colin N. Clinch and his wife defaulted as to all the allegations of the cross-complaint. In other words, Clinch and his wife made no claims that the provisions of the written offer were ''too ambiguous and uncertain,'' to enable them to understand just what they were to do in the matter of the execution of the offer. They made no plea that they could not perform. The only provision about which there could be question was the one as to obtaining from another person an extension of the mortgage on the Clinch lot. As to that nothing appears to show that Colvin insisted upon that extension. It was a provision presumably in favor of Colvin.

As before stated, Clinch was at the time owing to Colvin $8,000, which was some time past due. Colvin was placed in possession of the property by Clinch. Colvin was extending to Clinch forebearance as to Clinch's note. We cannot agree that under the circumstances the contract of Clinch presented any such difficulties, that could not be definitely and fully adjudicated between the party making the offer, and the acceptor of such offer.

It is true that when a contract lacks essentials such as those enumerated in finding V, its specific performance

cannot be enforced. (Subd. 6, sec. 3390, Civ. Code.) Under the facts as here presented this could not have been a difficulty such as would prevent an adjudication of the rights of the respective parties to the agreement.

In the cases cited by respondent it generally appears that the promisor was the one making objection that he could not perform under the agreement. The instant case presents the peculiar situation of a stranger to the original agreement, making the contention that the contract was so indefinite that its maker cannot be forced to perform its covenants.

In section 1424 of Williston on Sales it is said:

"It is necessary not only that the defendant's duty under the contract shall be certain, but the plaintiff's also, since the decree must provide for that performance as well as the defendant's. But if there is sufficient expressed to make a legally valid contract, a court of equity can make certain by its decree, within reasonable limits, subordinate details of performance which the contract itself did not state. Thus where no time of performance is stated in the contract, the court may by its decree fix a reasonable time. In cases where specific performance of only part of an agreement is in question, it should also be observed that such uncertainty in another portion of the contract as would preclude specific performance of the latter portion will not destroy the plaintiff's claim for specific performance of the former part, if partial enforcement is otherwise allowable. It seems probable that the difficulty regarding uncertainty has been over-emphasized. It should not be allowed to hamper equitable relief further than necessity requires."

We cannot believe that this written offer, as made by the one owning the property, presents such a lack of detail as to leave a court powerless to enforce its terms.

It is therefore ordered that the judgment of the trial court be reversed.

Hart, J., and Finch, P. J., concurred.